UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN COLE,<br><br>  Plaintiff,<br><br>  v.<br><br>SHANNDAH BURKHOLDER,<br><br>  Defendant. | Case No. 2:24-cv-0792-DC-JDP (PS)<br><br>ORDER |

Plaintiff Meghan Cole brings this action against defendant Shanndah Burkholder for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") § 512(f). ECF No. 1 at 7-8. The complaint contains, for purposes of screening, cognizable claims, and I will direct service. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
6  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

18  The complaint alleges that defendant infringed on her YouTube content by copying that
19  work, editing it, and re-uploading it as her own. ECF No. 1 at 4-6. Plaintiff responded by issuing
20  takedown notices to YouTube and defendant. *Id.* at 7. Defendant responded by issuing her own
21  allegedly false and misleading counter-takedown notices in violation of the DMCA. *Id.*

22  For purposes of screening, the complaint states cognizable claims, and I will direct that
23  defendant be served.

24  Accordingly, it is hereby ORDERED that:

25  1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

26  2. Service is appropriate on Shanndah Burkholder.

27  4. The Clerk of Court is directed to issue process and to send plaintiff an instruction sheet
28  for service of process by the United States Marshal, one USM-285 form, a summons form, and an

endorsed copy of plaintiff's complaint filed March 15, 2024. ECF No. 1.

5. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for the defendant, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

8. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

9. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   February 27, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3